**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGEL JET SERVICES, L.L.C., a limited liability company, individually and as assignee of John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Red Dot Building Systems' Employee Benefit Plan, an ERISA plan, and Blue Cross Blue Shield of Texas,<br><br>Defendants. | No. CV-09-2123-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant BlueCross BlueShield of Texas's ("BCBSTX") Motion To Dismiss for Improper Venue, or in the Alternative Motion To Transfer Venue to the Northern District of Texas. (Dkt. # 14.) For the following reasons, the Court orders that the case be transferred to the Eastern District of Texas.

**BACKGROUND**

Plaintiff Angel Jet Services, L.L.C. ("Plaintiff" or "AJS") is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona. AJS provides fixed-wing air ambulance service. Defendant BCBSTX is a nonprofit corporation incorporated under the laws of the State of Texas. Red Dot Corporation ("Red Dot") is a for-profit Texas corporation with its principal place of business in Athens, Texas. BCBSTX issued an Experienced Rated Group Managed Health Care and Prescription Drug Program

1 Contract ("Contract") to Red Dot, after having previously negotiated the contract in Texas. John Doe, who resides in Athens, Texas, was a beneficiary under Red Dot's employee benefit plan.

In July 2008, Doe experienced severe back pain while in Mexico, at which point AJS transported Doe to a medical center in Dallas, Texas via air ambulance. In order for AJS to receive payment for these services, Doe assigned his right to receive payments from his employee-benefit plan to AJS. AJS then submitted a claim form and bill for $182,385.00 to BCBSTX, which BCBSTX denied as medically unnecessary. According to Defendant, all denials and appeals were made in Texas, and all individuals who made these determinations live in Texas.

Plaintiff filed the instant action, alleging that Plaintiff is entitled to recovery benefits under the Employee Welfare Benefit Plan, as governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendant now seeks either dismissal or transfer to the Northern District of Texas.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a case for improper venue. *See Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005) ("A motion to enforce a forum selection clause is treated as a motion pursuant to . . . Rule . . . 12(b)(3)."). If the Court determines that venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Although the removal petition and Defendant's brief discuss the general venue statute, 28 U.S.C. § 1391, the more specific ERISA venue provision applies, 29 U.S.C. § 1132(e)(2). The ERISA venue provision provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

/ / /

**I.     The Forum Selection Clause Mandates Venue in Texas.**

Despite ERISA's venue provision, federal law generally gives effect to forum selection clauses. *See Laasko v. Xerox Corp.*, 566 F. Supp.2d 1018, 1021 (C.D. Cal. 2008) (explaining that ERISA's venue provision does not displace forum selection clauses are valid if fundamentally fair); *see also Manetti-Farrow, Inc. v. Gucci Amer., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) (explaining that, in federal court cases, federal law determines enforceability of forum selection clauses). "[F]orum selection clauses [are] presumptively valid" in the ERISA context, although forum selection clauses found in "form contracts . . . are subject to judicial scrutiny for fundamental fairness." *Laasko*, 566 F. Supp.2d at 1021 (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991)); *see also Klotz v. Xerox Corp.*, 519 F. Supp.2d 430, 435–36 (S.D. N.Y. 2007) (noting that "nothing in ERISA's statutory text or legislative history evinces any intent by Congress to preclude private parties from limiting venue to one of the three forums permitted by [29 U.S.C. § 1132(e)(2)]" and that "[t]he vast majority of district courts have enforced forum selection clauses in ERISA plans"); *Bernikow v. Xerox Corp.*, 2006 WL 2536590 at *2 (C.D. Cal. Aug. 29, 2006) (noting that in the ERISA context, "there is little justification to hold against the general presumption in favor of enforcing forum selection clauses"). To determine whether a forum selection clause is fundamentally fair, and thus enforceable, courts consider three factors: "the absence of a bad-faith motive, the absence of fraud or overreaching, and notice of the forum provision." *Id.* (citing *Carnival Cruise*, 499 U.S. at 595; *Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 999 (9th Cir. 1992)).

Here, the contract includes a forum selection clause, which states, "This Contract is issued in Texas and is subject to Texas choice of law rules. All disputes arising under this Contract between BCBSTX and Contractholder shall be resolved in Texas." (Dkt. # 14, Ex. 2 at 17.) Applying the three factors to determine whether the clause is fundamentally fair, Plaintiff does not allege bad faith, fraud, or overreaching, but instead contends that BCBSTX did not communicate the clause to plan participants, such as Doe. This argument fails.

Forum selection clauses in ERISA cases may be upheld even where the plan participant originally had no knowledge of the clause. *See Laasko*, 566 F. Supp.2d at 1024. Because employee benefit plans are generally negotiated between plan administrators and employers, forum selection clauses often do not reflect beneficiaries' preferences; in fact, a "typical beneficiary does not even know that the forum selection clause exists." *Id.* However, "even though the beneficiaries of the plan may not have had notice of the forum selection clause, the employer, who negotiated the plan, did have notice of the clause and the ability to reject the contract." *Id.*; *see also Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp.2d 1000, 1006 (E.D. Pa. 2006) (upholding a forum selection clause even though the beneficiaries "played no role in negotiating any terms" of the contract); *Rogal v. Skilstaf, Inc.*, 446 F. Supp.2d 334, 339 n. 3 (E.D. Pa. 2006) (upholding a forum selection clause and noting that insurance contracts governed by ERISA are "not . . . bilateral written contract[s] which would typically require execution by all parties as a pre-requisite to becoming effective"). Plaintiff relies on *Mezyk v. U.S. Bank Pension Plan*, but that case is not controlling. 2009 WL 3853878, at *3–4 (S.D. Ill. Nov. 18, 2009). In *Mezyk*, the defendants unilaterally added a forum selection clause to the plan after the class action plaintiffs had already initiated suit, preventing the class action plaintiffs from obtaining notice of the new provision. *Id.* at *4. In contrast, No similar facts present themselves here. Because of the way in which ERISA-governed plans must be negotiated, the Court finds the analysis from *Laasko* persuasive. 566 F. Supp.2d at 1024.

Therefore, it is immaterial that Doe did not negotiate the Contract personally.[1] Plaintiff has presented no evidence that notice of the forum selection clause was withheld

---

[1] Plaintiff also briefly contends that the Contract was between the employer and BCBSTX, not between Doe and BCBSTX. This is inconsequential because "a third-party beneficiary of an agreement is bound by . . . a valid forum selection clause." *eBay Inc. v. Digital Point Solutions, Inc.*, 608 F. Supp.2d 1156, 1162 (N.D. Cal. 2009) (citing *TAAG Linhas Aereas de Angola v. Transam. Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990)).

from Doe's employer during negotiations or provided any other reason why the clause is fundamentally unfair or otherwise unenforceable.

Plaintiff also suggests that the forum selection clause is unenforceable because BCBSTX allegedly withheld the forum selection clause and other documents from AJS. Plaintiff offers no authority for this argument, which, at any rate, would not make the provision fundamentally unfair. Although an assignment of benefits is valid under ERISA, "an assignment cannot create rights in the assignee not held by the assignor[,]" and an assignee "has standing to assert [only those] rights the assignor possessed." *Misic v. Bldg. Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1378 n. 4 (9th Cir. 1986). Because AJS merely stepped into Doe's shoes to assert claims against BCBSTX, AJS does not have a valid defense relating to the withholding of documents subsequent to the assignment. As explained above, the alleged lack of communication regarding plan terms does not invalidate the forum selection clause. Accordingly, the forum selection clause mandates venue in Texas, rather than in Arizona.

**II.    Even Absent a Forum Selection Clause, Venue Is Inappropriate in Arizona.**

Even if the forum selection clause was valid, venue would still be inappropriate in Arizona under ERISA's general venue provision. An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Plaintiff contends venue is proper in Arizona because the breach occurred in Arizona and because BCBSTX may be found in Arizona. The Court disagrees.

**A.    The Breach Took Place in Texas, not Arizona.**

The parties agree that the breach occurs where payment should have been received, but they dispute whether the key location is where the beneficiary, i.e. Doe, or where the assignee, i.e. AJS, was to receive payment. The Ninth Circuit does not appear to have addressed this issue, and district courts throughout the country are split. A few courts conclude that venue is proper where the assignee would have received benefits, regardless of the beneficiary's residence. *See, e.g.*, *Flynn v. Veazey Constr. Corp.*, 310 F. Supp.2d 186,

192 (D. D.C. 2004) (holding that venue was proper where the assignees were located because they were the real parties in interest); *Cole v. Cent. States Se. & Sw. Areas Health & Welfare Fund*, 225 F. Supp.2d 96, 98 (D. Mass. 2002) (holding that venue was proper in the state of the assignee's residence because payments became due there); *Foster G. McGaw Hosp. of Loyola Univ. of Chi. v. Pension Trust Dist. # 9 Welfare Trust I.A. of M.A.W.*, 1992 WL 309571, at *4 (N.D. Ill. Oct. 22, 1992) (finding venue where the beneficiary's assignees were located). The Court, however, finds the alternative line of cases more persuasive—that venue is proper where the beneficiary was to receive benefits. *See, e.g.*, *Mem'l Hermann Hosp. Sys. v. Boyd Gaming Corp. Percs Plan*, 2007 WL 624334, at *4 (S.D. Tex Feb. 22, 2007) ("reject[ing] [the] argument that venue is proper in the Southern District of Texas simply because an assignee of the participant is located [t]here" because "the assignee stands in the shoes of the assignor [and] . . . accepts the assignor's location for venue purposes"); *Coulter v. Office & Prof'l Employees Int'l Union*, 2003 WL 21938910, at *4–5 (E.D. Tenn. June 10, 2003) (holding that venue is proper where the beneficiary, not the assignee, was to receive payment); *Brown Schs., Inc. v. Fla. Power Corp.*, 806 F. Supp. 146, 151 (W.D. Tex. 1992) (holding that breach occurs where the beneficiary was to receive benefits).

Furthermore, as *Misic* explained, an assignee has only those rights than assignee has, 789 F.2d at 1378 n. 4. It would therefore be inappropriate for an assignee to gain the right to change the venue from what it otherwise could have been. Such a policy could result in defendants being pulled into unpredictable venues simply by virtue of an ERISA-plan beneficiary's assignment. In this case, because Doe resides in Athens, Texas and would have received benefits there, the breach occurred in Texas.

**B. The Defendant Resides or May Be Found in Texas, not Arizona.**

Plaintiff does not contend that BCBSTX, as a Texas corporation, resides in Arizona, but Plaintiff instead argues that BCBSTX "may be found" in Arizona. *See* 29 U.S.C. § 1132(e)(2). In the Ninth Circuit, a defendant may be found in a district where personal jurisdiction would exist. *Varsic v. U.S. Dist. Crt. for the Cent. Dist. of Cal.*, 607 F.2d 245, 248–49 (9th Cir. 1979). This determination depends on whether a defendant has "minimum

contacts" with the forum state so that jurisdiction will not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under this standard, "the defendant's conduct and connection with the forum State [must be] such that he [or she] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Minimum contacts may exist in two ways. First, a court may exercise general jurisdiction if the defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Second, a court may exercise specific jurisdiction if a defendant (1) "do[es] some act . . . with the forum . . . by which [it] purposefully avail[s] [it]self of the privilege of conducting activities in the forum[,]" (2) "[t]he claim . . . arises out of or results from the defendant's forum-related activities" and (3) "[e]xercise of jurisdiction [is] reasonable." *Varsic*, 607 F.2d at 249.

Applying these personal jurisdiction standards, the Court finds that BCBSTX's contacts are insufficient to deem it "found" in Arizona. First, Plaintiff does not explain how BCBSTX has "continuous and systematic" contacts with Arizona. *See Helicopteros*, 466 U.S. at 415. Plaintiff contends that BCBSTX has minimum contacts with Arizona because it participates in the BlueCard System, which allows beneficiaries to obtain benefits outside of Texas. Under the BlueCard System, two types of plans exist. A "Home Plan" is the plan operating in the state where the participant is covered—in this case, BCBSTX. In contrast, a "Host Plan" is the BCBS licensee in the state where the provider is located—in this case, BlueCross BlueShield of Arizona ("BCBSAZ"). Plaintiff contends that, because it is located in Arizona, it initially corresponded with BCBSAZ the payments due in connection with the services AJS rendered to Doe. Plaintiff further contends that BCBSAZ was involved in denying its claim for payment, although Defendant argues that BCBSAZ merely provided a communication link between AJS and BCBSTX.

This level of contact is not continuous and systematic. *Bayada Nurses, Inc. v. Blue Cross Blue Shield of Mich.* concluded that the BlueCard program does not establish personal jurisdiction. 2008 WL 2945388, at *4–5 (E.D. Pa. July 30, 2008). Although BCBS

corporations allow their beneficiaries to receive and process benefits in other states, that alone is not continuous and systematic contact given that these corporations lack facilities, offices, employees, registered agents, property, bank accounts, and other infrastructure in other states. *Id.* Moreover, the fact that beneficiaries might travel to other states and receive treatment does not establish strong connections to those other states. In this case, BCBSAZ is not a defendant, nor is it apparent how communications between two different corporations would create jurisdiction. Because Plaintiff has not indicated that BCBSTX has any ongoing connections with Arizona other than the BlueCard program, BCBSTX may not be found in Arizona under a general jurisdiction theory.

Nor may BCBSTX be found in Arizona under a specific jurisdiction theory because it did not "purposefully avail [it]self of the privilege of conducting activities in the forum." *Varsic*, 607 F.2d at 249. As *Bayada Nurses* explained, simply owing payment to an entity in another state does not establish specific jurisdiction in that state because the requirement that a BCBS corporation pay for out-of-state benefits was the result of the beneficiary's selection of a medical provider, not the insurer's "choice to do business with [the provider] in [another state]." 2008 WL 2945388, at *5; *see also Berg v. Blue Cross & Blue Shield of Utica-Watertown, Inc.*, 1993 WL 467859, at *4 (N.D. Cal. Nov. 2, 1993) (holding that New York insurer did not purposefully avail itself to California's jurisdiction by authorizing the insured's health care in California and partially paying the California hospital bills). In this case, BCBSTX did not purposefully avail itself to Arizona's laws simply because Doe was treated by AJS, an Arizona company.

The cases Plaintiff cites are distinguishable. *Varsic* concluded the defendant purposefully availed itself to California's jurisdiction by agreeing with a California union to receive contributions and to make payments in California. 607 F.2d at 250. Likewise, in *Bohara v. Backus Hosp. Med. Benefit Plan*, the defendant was subject to California's jurisdiction by pre-certifying the plaintiff's medical treatment in a California hospital, managing that treatment, and paying the California hospital for a portion of the care. 390 F. Supp.2d 957, 962 (C.D. Cal. 2005). In contrast, no such agreement with AJS or any other

Arizona company, union, or beneficiary existed in this case. Plaintiff also has not provided any evidence that BCBSTX certified or otherwise agreed to the services that AJS provided to Doe. Rather, BCBSTX's only connection to Arizona is the fact that AJS happens to be based in Arizona. Because Defendant has not purposefully availed itself to Arizona's laws, it may not "be found" in Arizona to establish venue.

**III.     Transfer to the Eastern District of Texas Is in the Interest of Justice.**

Because venue is improper in Arizona, the Court must next decide whether to dismiss the case or whether, "if it be in the interest of justice[,]" to "transfer [the] case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Because Defendant has requested transfer and because efficiency would favor transferring the case to Texas, rather than forcing Plaintiff to re-file in Texas, transfer is preferable to dismissal. The parties, however, dispute which Texas district is most appropriate. Defendant urges transfer to the Northern District of Texas, while Plaintiff asserts that transfer to the Eastern District of Texas is proper.

The Court may transfer a case only to a venue where a case "could have been brought." 28 U.S.C. § 1406(a). As discussed above, an ERISA case may be brought in several venues: "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Applying these options, the Eastern District of Texas is an appropriate venue. The Plan, the participant (Doe), and the Plan administrator all reside in Athens, Texas, which is located in the Eastern District. As Defendant asserts, a breach occurs where the beneficiary was supposed to receive his or her benefits, i.e. his or her residence. (Dkt. # 20 at 6) (citing *Roshinsky v. Reynolds*, 2008 WL 2827528, at *10 (W.D. N.Y. July 21, 2008)). According to Defendant's theory, the breach would have occurred in the Eastern District because Doe, as the beneficiary, resides there. Meanwhile, although BCBSTX's offices are located in the Northern District, BCBSTX also "may be found" in the Eastern District as the facts presented here suggest that the Eastern District would have personal jurisdiction over BCBSTX. *See Sanders v. State Street Bank & Trust Co.*, 813 F. Supp. 529, 533 (S.D. Tex. 1993) (holding that venue is proper where a

defendant "may be found," meaning where a defendant is subject to personal jurisdiction) (adopting *Varsic*, 607 F.2d at 248–49); *Wallace v. Amer. Petrofina, Inc.*, 659 F. Supp. 829, 831 (E.D. Tex. 1987) (adopting *Varsic*, 607 F.2d at 248–49, and holding that a defendant "may be found" wherever personal jurisdiction is proper). Defendant does not provide reasons why the Northern District is preferable to the Eastern District, especially given that several of the key individuals and entities are present in the Eastern District. Accordingly, the Court transfers the case to the Eastern District of Texas.

**IV. Awarding Fees and Costs Is Inappropriate.**

In one sentence at the end of its Motion, Defendant requests "other relief . . . including an award of its reasonable attorneys fees and costs." Although 29 U.S.C. § 1132(g) authorizes fees and costs in the Court's discretion, Defendant offers no reason why such relief is appropriate. To the extent Defendant has moved for fees and costs, this request is denied.

**CONCLUSION**

The Court determines that venue is inappropriate in the District of Arizona. Rather than dismissing the case, the Court, in the interest of justice, transfers the case to the Eastern District of Texas.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's alternative Motion to Transfer to the Northern District of Texas (Dkt. # 14) is **DENIED AS MOOT**.

/ /

**IT IS FURTHER ORDERED** directing the Clerk of the Court transfer this matter to the Eastern District of Texas.

DATED this 8th day of February, 2010.

_____
G. Murray Snow
United States District Judge